IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
_Southern Division_

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. PWG-14-0053 |
| | * | |
| BRANDON BROOKS, | * | |
| | * | |
| Defendant-Appellee. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

The United States appeals the magistrate judge's decision in *United States v. Brandon Brooks*, No. TMD-13-po-01614, pursuant to Fed. R. Crim. P. 58(g)(2)(A) and 18 U.S.C. § 3731. Previously, the magistrate judge had issued an Opinion and Order in *United States v. Cedric S. Brown*, No. TMD-13-po-01557, 2013 WL 5604589 (D. Md. Oct. 11, 2013), excluding blood test evidence in a DUI case on the grounds that its warrantless acquisition violated the defendant's Fourth Amendment rights under *Missouri v. McNeely*, --- U.S. ---, 133 S. Ct. 1552 (2013).   The magistrate judge, referencing and incorporating the reasoning of the *Brown* opinion, suppressed the blood test evidence in this case as well.  Because the *Brown* opinion misapplied *McNeeley* and failed to apply the good-faith exception properly, I will reverse the suppression order and remand this case for further proceedings.

## I.     BACKGROUND

The facts in this case are not in dispute, and were largely stipulated to for the purposes of a suppression hearing.  On December 22, 2012, slightly before 1:00 a.m., Defendant was driving on the Baltimore/Washington Parkway and was stopped by Sergeant Adam Zielinski, United States Park Police, for driving erratically.  Feb. 3, 2014 Suppression Hr'g Tr. 4, ECF No. 3-4

("Tr."). Sergeant Zielinski noticed an odor of alcohol in the vehicle, at which time he requested that Defendant perform a field sobriety test. *Id.* Defendant failed the field sobriety test, so Sergeant Zielinski asked Defendant to perform a breath alcohol test. Tr. 5. Because Defendant refused to perform the breath test, Sergeant Zielinski took him into custody and transported him to a local hospital for an involuntary blood draw. *Id.* Sergeant Zielinski did not make any attempt to obtain a warrant prior to the blood draw, Tr. 7, and no procedure was in place that would have allowed Sergeant Zielinski to obtain a warrant over the phone, Tr. 8–11.[1]

Prior to a trial on charges of driving under the influence, Defendant moved to suppress the blood test evidence. The magistrate judge stayed the case, as well as several similar cases including *Brown*, pending the outcome of *McNeely*, 133 S. Ct. 1552, which was expected to resolve a jurisdictional split about whether the natural metabolization of alcohol in the blood stream created a per se exigency exception to the Fourth Amendment warrant requirement. *McNeely* invalidated the per se rule and held that exigency must be evaluated on a case-by-case basis under the totality of the circumstances. *Id.* at 1568. After the Supreme Court issued *McNeely*, the magistrate judge lifted the stay and held a suppression hearing in *Brown*. Applying *McNeely*, which he ruled applied retroactively, the magistrate judge found that the defendants' blood was taken without consent, that the government had not established exigent circumstances, and that, consequently, the blood draws violated the defendants' Fourth Amendment rights. *Brown*, 2013 WL 5604589, at *11. Finding that the good-faith exception to the exclusionary rule did not apply, he suppressed the blood test evidence in *Brown, id.*, and in this case. Tr. 21.

---

[1] Toxicology evidence was not presented at the hearing. For the purposes of this appeal it is accepted that toxicology evidence likely would be incriminating.

## II.      STANDARD OF REVIEW

Federal Rule of Criminal Procedure 58(g)(2)(A) permits a party to bring an interlocutory appeal from "an order of a magistrate judge to a district judge within 14 days of its entry if a district judge's order could similarly be appealed."  A district judge's suppression order in a case like this one may be appealed to the court of appeals so long as "the United States attorney certifies to the district court that the appeal is not taken for purpose of delay and that the evidence is substantial proof of a fact material in the proceeding."  18 U.S.C. § 3731.  Such certification was timely filed as part of the Government's Notice of Appeal and Certification, ECF No. 1.

Rule 58(g)(2)(D) provides that the scope of an appeal from a magistrate judge's order or judgment "is the same as in an appeal to the court of appeals from a judgment entered by a district judge."  Thus, "[i]n reviewing the grant of a suppression motion, [I] review the [magistrate judge's] factual findings for clear error and [his] legal determinations de novo." *United States v. Laudermilt*, 677 F.3d 605, 609 (4th Cir. 2012) (citing *United States v. Lewis*, 606 F.3d 193, 197 (4th Cir. 2010)).

## III.     DISCUSSION

The magistrate judge considered three questions, but only one of them is raised on appeal.  The parties do not dispute that, under *United States v. Johnson*, 457 U.S. 537, 562 (1982), decisions of the Supreme Court construing the Fourth Amendment (such as *McNeely*) apply retroactively to cases that are pending on direct appeal when the Supreme Court decision is announced,[2] and the Government does not challenge the magistrate judge's finding that no

---

[2] The Government states that it "submits that the magistrate judge erred in holding that the *McNeely* analysis binds cases that occurred before the decision was rendered."  Gov't Brief 4, ECF No. 3.  While on the surface that appears to challenge the retroactivity of *McNeely*, the

exigent circumstances existed.[3]   The Government contends that, even if a warrant was required, the good-faith exception to the exclusionary rule applies because Sergeant Zielinski properly relied on binding appellate precedent at the time of the blood draw.  This argument has merit.

## A.  Precedent

Application of the exclusionary rule can be unpalatable; "its bottom-line effect, in many cases, is to suppress the truth and set [a] criminal loose in the community without punishment." *Davis v. United States*, --- U.S. ---, 131 S. Ct. 2419, 2427 (2011).  The rule is a prudential doctrine created to deter law enforcement from engaging in activity that violates a suspect's Fourth Amendment rights—not a constitutional right itself.  *Id.* at 2426–27.  Because of the tremendous social costs of "requir[ing] courts to ignore reliable, trustworthy evidence bearing on guilt or innocence," its application only is appropriate where it has real deterrent value.  *Id.*

In *Davis v. United States,* the Supreme Court was asked to apply the exclusionary rule and suppress physical evidence obtained during a search incident to a lawful traffic stop.  *Id.* at 2425.  Relying on the decisions of the Eleventh Circuit interpreting *New York v. Belton*, 453 U.S. 454 (1981), the police had understood the search of a vehicle following the arrest of its occupants to be per se reasonable within the search-incident-to-arrest exception of the warrant requirement and acted accordingly.  *Davis*, 131 S. Ct. at 2424.  But two years after the search of Mr. Davis's vehicle, the Supreme Court limited the *Belton* rule in *Arizona v. Gant*, 556 U.S. 332

---

Government then argues that *McNeely* should not apply because of the good-faith exception, thereby tacitly acknowledging the applicability of *McNeely*.  But the good-faith exception is a remedial exception to the exclusionary rule, not a rule of construction that determines whether *McNeely*'s holding applies retroactively.  *See Davis v. United States*, 131 S. Ct. 2419, 2431 (2011).  For the purposes of this appeal, I assume, without deciding, that *McNeely* applies retroactively.

[3] *But see United States v. Lechliter*, No. DKC-13-715, 2014 WL 722286, at *1, *10 (D. Md. Feb. 25, 2014) (holding in part that the lack of an existing telephonic warrant procedure was a relevant factor that should have been considered under the totality of the circumstances).

(2009), while Mr. Davis's case was on appeal to the Eleventh Circuit.  *Id.* at 2426.[4]  Conceding

that the search now would be found unconstitutional under *Gant*, the Eleventh Circuit refused to

suppress evidence obtained in good-faith reliance on then-settled law.  *Id.*

      The Supreme Court affirmed, holding that "when the police conduct a search in

objectively reasonable reliance on binding appellate precedent, the exclusionary rule does not

apply."  *Id.*  This is one iteration of the good-faith exception to the exclusionary rule, which has

developed over time in a variety of circumstances where the police, in collecting incriminating

evidence, did not engage in any misconduct that caused a defendant's Fourth Amendment rights

to be violated.[5]  The search of Mr. Davis's vehicle followed existing Eleventh Circuit precedent

"to the letter," such that the police conduct was inculpable in its entirety.  *Id* at 2428.  Davis's

case did not involve any negligence or misconduct on the part of law enforcement that exclusion

would have deterred going forward, *id.* at 2429, and did Davis did not secure a decision

overturning a Supreme Court precedent, *id.* at 2434.  "Unless the exclusionary rule is to become

a strict liability regime," the Court reasoned, "it can have no application in this case."  *Id.* at

2429.

      Much like the *Gant* decision, the Supreme Court recently overturned the settled law of

several jurisdictions in *McNeely v. Missouri*, --- U.S. ---, 133 S. Ct. 1552 (2013).   In *McNeely*,

---

[4] Counsel for Mr. Davis, despite recognizing that the weight of Eleventh Circuit authority was clearly against him at the time, had challenged the search in the District Court under the Fourth Amendment for purposes of preserving the issue.  As such, because Mr. Davis' case still was on direct appeal and the issue was preserved, application of the new *Gant* rule was appropriate.  *Davis*, 131 S. Ct. at 2431.

[5] *See also Herring v. U.S.*, 555 U.S. 135, 146–47 (2009) (relying in good faith on a warrant mistakenly listed in a neighboring county's computer database); *Arizona v. Evans*, 514 U.S. 1, 14 (1995) (relying in good faith on a warrant still listed in court database seventeen days after it was quashed); *Illinois v. Krull*, 480 U.S. 340, 356 (1987) (relying in good faith on a later-invalidated administrative search law); *United States v. Leon*, 468 U.S. 897, 922 (1984) (relying in good faith on a search warrant that was later invalidated).

the Court considered a Missouri Supreme Court decision that suppressed warrantless blood-alcohol evidence, *State v. McNeely* 358 S.W.3d 65 (Mo. 2012). Of significance, Missouri was not a state that had recognized the per se exigency rule, *id.*at 72; the State sought recognition of the rule from Missouri's Supreme Court for the first time, *see id.* at 70, 72. Therefore, the police could not have acted in good-faith reliance on such a rule; indeed, the Missouri Supreme Court found that the arresting officer relied on his own conclusion that Missouri law did not require a warrant for a blood draw, not on the conclusion of any binding appellate court. *Id* at 72. The United States Supreme Court also rejected Missouri's argument for the per se rule, affirming the decision of the Missouri Supreme Court and invalidating the per se rule in jurisdictions that had adopted it. *McNeely*, 133 S. Ct. at 1558.

One of those jurisdictions with a per se exigency rule was this one: The Fourth Circuit had recognized the per se exigency rule in *United States v. Reid*, 929 F.2d 990 (4th Cir. 1991), which was good law at the time of the blood draw in this case. In *Reid*, the appellate court upheld the warrantless, non-consensual breath testing of a driver stopped for driving while intoxicated, finding that the exigent circumstances and search-incident-to-arrest exceptions to the warrant requirement applied. *Id.* at 991. *Reid* did not involve a car accident; it did not involve a situation where the arresting officer was busy arranging for medical treatment; it did not involve any other kind of emergency that was considered as a special factor in the exigency analysis. *See generally id.* The only relevant factors the Fourth Circuit considered were the natural and imminent dissipation of alcohol in the bloodstream, and "the intricate requirements of [Fed. R. Crim. P.] 41(c)(2)," the rule that allows for telephonic warrants.[6] *Id.* at 993. The court reasoned

---

[6] The Rule has not been changed substantively since *Reid* was decided, *see* Fed. R. Crim. P. 41, and, given that the Park Police did not have an independent method in place to obtain a

that compliance with the detailed requirements for obtaining a telephonic warrant took time, and
that "[t]ime is what is lacking in these circumstances." *Id.* Consequently, based on no factors
other than the time needed to obtain a telephonic warrant and the natural dissipation of alcohol
from the bloodstream, the court held that the warrantless search was reasonable within the
exigent circumstances exception. *Id.*

     *Reid* has been cited widely as standing for the broad per se exigency rule that was
overturned in *McNeely*, despite only involving a breath test, not a blood test. *See United States
v. Sauls*, 981 F. Supp 909, 913 (D. Md. 1997); *State v. Bank*, 90 P.3d 156, 164 n.44 (Alaska
2004); *State v. Shriner*, 751 N.W.2d 538, 547 n.11 (Minn. 2008); *State v. Lerette*, 858 S.W. 2d
816, 818–19 (Mo. Ct. App. 1993); *State v. Davis*, 542 S.E.2d 236, 239 (N.C. Ct. App. 2001);
*State v. Rodriguez,* 93 P.3d 854, 857 (Utah Ct. App. 2004); *State v. Bohling*, 494 N.W.2d 399,
404 (Wis. 1993). Indeed, *Reid* expressly highlighted and relied on the Supreme Court's
decisions that "upheld blood tests as not violating the Fourth Amendment." *Reid*, 929 F.2d at
994 (citing, *e.g.*, *Skinner v. Ry. Labor Exec. Ass'n*, 489 U.S. 602, 625 (1989)).

## B.  This Case

     The magistrate judge's explanation of the principles behind both the exclusionary rule
and the good-faith exception are well stated and accurate. He said:

> "For exclusion to be appropriate, the deterrence benefits of suppression must
> outweigh its heavy costs . . . [exclusion] almost always requires courts to ignore
> reliable, trustworthy evidence bearing on guilt or innocence . . . and its bottom-
> line effect, in many cases, is to suppress the truth and set the criminal loose in the
> community without punishment."

*Brown*, 2013 WL 5604589, at *7–8 (quoting *Davis*, 131 S. Ct. at 2427). He recognized the
deterrent purpose of exclusion, and the lack of deterrent value that later exclusion has if police, at

---

telephonic warrant beyond the method prescribed in the Rule, the analysis remained valid at the
time of Mr. Brooks's arrest.

the time of a search, were acting "in strict compliance with binding judicial precedent." *Id.*  But

he refused to apply the good-faith exception, finding that the facts in this case were not

materially different than those in *McNeely*, and that the Park Police officer had not relied on any

law or appellate precedent subsequently invalidated.  *Id.*at *9.   Because of the difference in

existing precedent between Missouri, which had not recognized the per se rule at the time of the

police action at issue in *McNeely*, and the Fourth Circuit, which had at the time of the police

action at issue in this case, that conclusion was error.  *See Reid*, 929 F.2d at 993; *McNeely*, 358

S.W.3d at 72.

When applying the *Davis* good-faith exception, the relevant question is whether officers

are acting in accordance with binding appellate authority.  *Davis*, 131 S. Ct. at 2427.  *Reid* was

the law in this jurisdiction when Mr. Brooks was arrested.  And, at the time of Mr. Brooks's

arrest, the United States Park Police, local prosecutors, and this Court "were all operating under

the belief that a warrant was not necessary to obtain a nonconsensual blood draw where there

was probable cause for DWI," based largely on an interpretation of *Reid* that several other courts

shared.  *United States v. Lechliter*, No. DKC-13-715, 2014 WL 722286, at *1, *5 n.3, *7 (D. Md.

Feb. 25, 2014) (applying the good-faith exception in a similar case based on *Reid*).

We now know that *Reid* has been overruled, and, were the facts of this case to occur

again today, the good-faith exception would not be applicable.[7]  But in the cases outlining the

good-faith exception,

---

[7] A plurality of the *McNeely* Court expressed concern that, were they to hold that exigency
depended only on the time necessary to secure a warrant, law enforcement agencies might
discourage efforts to expedite the warrant process.  *McNeely*, 133 S. Ct. at 1563 (plurality
opinion).  Chief Justice Roberts rejected this idea, *id.* at 1574 (Roberts, C.J., dissenting), and
appears to have been correct at least in this case, as Park Police has since implemented a system
for obtaining telephonic warrants in light of *McNeely*.  Tr. at 8–11.

the Supreme Court reasoned that exclusion does not serve to deter
unconstitutional police conduct where the actor primarily responsible for the
Fourth Amendment violation is not a law enforcement officer. See *Leon*, 468 U.S.
897, 104 S.Ct. 3405 (magistrate judge); *Krull*, 480 U.S. 340, 107 S.Ct. 1160
(legislators); *Evans*, 514 U.S. 1, 115 S.Ct. 1185 (clerk in the employ of the
judiciary); *Davis*, 131 S.Ct. 2419 (judiciary).

*United States v. Davis*, 690 F.3d 226 (4th Cir. 2012). The actor responsible for the violation in

*McNeely* was the law enforcement officer. But, just like in *Davis*, here it was the judiciary that,

in light of the *McNeely* decision, erred in determining whether alcohol dissipation created a per

se exigency—not Sergeant Zielinski. Because Sergeant Zielinski's actions were entirely in

accordance with then existing binding appellate precedent, the good-faith exception should have

been applied in this case and the evidence should not have been suppressed. *See Davis*, 131 S.

Ct. at 2427–28; *Reid*, 929 F.2d at 994.

## IV.    CONCLUSION

For the reasons stated above, Sergeant Zielinski's actions fell within the good-faith

exception to the exclusionary rule. The magistrate judge's decision excluding blood test

evidence is REVERSED, and the case is remanded for further proceedings in accordance with

this opinion.

A separate order will be entered.


Dated:  <u>May 16, 2014</u>                                 <u>            /S/            </u>
                                                             Paul W. Grimm
                                                             United States District Judge